UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WYATT,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, et al.,<br><br>    Defendants. | Case No. 22-cv-00437-JSW<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a Texas prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 seeking release from prison. He is granted leave to proceed in forma pauperis in a separate order.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff seeks a pardon, clemency, and an acquittal. Release from state custody may be sought in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Accordingly, this case is DISMISSED without prejudice filing a petition for a writ of habeas corpus in the district in which he was convicted (presumably in Texas).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 24, 2022

_____
JEFFREY S. WHITE
United States District Judge